IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT RIGGS,

                                        Civil No. 06-3072-CO
                    Plaintiff,          FINDINGS AND RECOMMENDATION
        v.

FERRELLGAS, INC.,

                    Defendant.


COONEY, Magistrate Judge:

    Plaintiff, an Oregon resident, brings this action against his
former employer, defendant Ferrellgas, a Delaware corporation.
Plaintiff alleges claims for unlawful employment practices in
violation of ORS Chapter 659.  Plaintiff seeks economic and non-
economic damages, costs, disbursements, and attorney's fees.
Defendant moves for summary judgment (#6).  Plaintiff did not file
a response.

## I. **FACTS**

Plaintiff filed his Bureau of Labor and Industries (BOLI) complaint on April 6, 2005. (Benedict Decl. Ex. 1).  Defendant responded to the charges on July 26, 2005.  (Id. at Ex. 2).  BOLI mailed plaintiff a notice of dismissal and right to sue letter on March 21, 2006.  (Id. Ex. 3).  Plaintiff filed this suit 91 days after BOLI mailed the right to sue letter, on June 20, 2006. (Notice of Removal Ex. 2).

## II. **LEGAL STANDARDS**

Pursuant to Rule 56©) of the Federal Rules of Civil Procedure, a moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed.R.Civ.P. 56©); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir.), cert. denied, 502 U.S. 994 (1991). In deciding a motion for summary judgment, the court must determine, based on the evidence of record, whether there is any material dispute of fact that requires a trial.  Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994)(citations omitted).  The parties bear the burden of identifying the evidence that will facilitate the court's assessment.  Id.

The moving party bears the initial burden of proof.  See Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th

FINDINGS AND RECOMMENDATION - 2

Cir.), <u>cert. denied</u>, 516 U.S. 987 (1995).  The moving party meets
this burden by identifying portions of the record on file which
demonstrates the absence of any genuine issue of material fact.
<u>Id</u>.  "[T]he moving party . . . need not produce evidence, but
simply can argue that there is an absence of evidence by which the
nonmovant can prove his case."  <u>Cray Communications, Inc. v.
Novatel Computer Systems, Inc.</u>, 33 F.3d 390, 393 (4th Cir. 1994),
<u>cert. denied</u>, 513 U.S. 1191 (1995)(citation omitted); <u>See</u> <u>City of
Mt. Pleasant, Iowa v. Associated Electric Co-op, Inc.</u>, 838 F.2d
268, 273-274 (8th Cir. 1988)(it is sufficient for the movant to
argue that the record does not contain an issue of fact and to
identify that part of the record that supports that assertion).

     In assessing whether a party has met their burden, the court
must view the evidence in the light most favorable to the nonmoving
party.  <u>Allen v. City of Los Angeles</u>, 66 F.3d 1052 (9th Cir. 1995).
All reasonable inferences are drawn in favor of the nonmovant.  <u>Id</u>.

     If the moving party meets their burden, the burden shifts to
the opposing party to present specific facts which show there is a
genuine issue for trial.  Fed.R.Civ.P. 56(e); <u>Auvil v. CBS "60
Minutes"</u>, 67 F.3d 816 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1167
(1996).  The nonmoving party cannot carry their burden by relying
solely on the facts alleged in their pleadings. <u>Leonard v. Clark</u>,
12 F.3d 885, 888 (9th Cir. 1994).  Instead, their response, by
affidavits or as otherwise provided in Rule 56, must designate

specific facts showing there is a genuine issue for trial. Id.

### III.  **DISCUSSION**

Defendant moves for summary judgment arguing that plaintiff failed to file his lawsuit in a timely manner.

ORS 659A.820(1) provides in part that a person "claiming to be aggrieved by an alleged unlawful practice may file with the Commissioner of the Bureau of Labor and Industries [BOLI] a verified written complaint . . . no later than one year after the alleged unlawful practice."  ORS 659A.820.

ORS 659A.875(2) provides that:

> A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880.

Plaintiff filed his complaint with BOLI on April 6, 2005. BOLI mailed his right to sue letter on March 21, 2005.  Plaintiff had 90 days after March 21, 2006 to file his lawsuit.   ORS 659A.875(2).

Plaintiff did not file this lawsuit within 90 days of the mailing of his BOLI right to sue letter.  Therefore, defendant's motion for summary judgment (#6) should be granted and this suit dismissed with prejudice.  English v. WalMart Super Center, Inc. #1817, 2006 WL 897990 at *2 (D.Or.).

### IV.  **RECOMMENDATION**

Based on the foregoing, it is recommended that defendant's

FINDINGS AND RECOMMENDATION - 4

motion for summary judgment (#6) be granted and this case be dismissed with prejudice.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this   5   day of October, 2006.


_____/s/_____

UNITED STATES MAGISTRATE JUDGE


FINDINGS AND RECOMMENDATION - 5