FILED'07 JUL 31 12:10USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In the Estate of<br>ROBERT RIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>FERRELLGAS, INC.,<br><br>    Defendant. | Civ. No. 06-3072-PA<br><br>**ORDER** |

**PANNER, District Judge:**

The estate of Robert Riggs brings this employment discrimination action against defendant Ferrellgas, Inc. Defendant moves to dismiss for failure to prosecute. I grant the motion.

**I. Background**

Plaintiff filed this action in Jackson County Circuit Court on June 20, 2006. Plaintiff brought claims for unlawful termination for reporting unsafe working conditions; unlawful termination of an injured worker; and unlawful termination for whistle-blowing.

1 - ORDER

Defendant removed the action to this court on September 7, 2006. Discovery was set to close January 8, 2007.

On November 29, 2006, this court adopted Judge Cooney's recommendation and granted defendant's motion to dismiss plaintiff's statutory claims as untimely. Plaintiff's common law wrongful discharge claims remained.

On January 9, 2007, Magistrate Judge Cooney granted defendant's motion to extend the discovery deadline to April 9, 2007, with dispositive motions due by May 9, 2007.

On April 11, 2007, the case was assigned to me.

On April 17, 2007, I held a telephone hearing on scheduling. Despite notice of the hearing, plaintiff's counsel, Morgain Faye McGaughey, did not appear. At the hearing, I set a jury trial to begin July 24, 2007, with a pretrial conference July 17, 2007. Pretrial documents were due July 6, 2007.

On April 18, 2007, defendant sent a letter notifying plaintiff of the deadlines and trial date. Defendant served discovery requests on plaintiff, and noticed plaintiff's deposition for May 10, 2007.

Plaintiff did not respond to defendant's discovery requests. Plaintiff did not depose defense witnesses or seek discovery.

On May 2, 2007, defendant's counsel sent McGaughey a letter seeking a response to defendant's April 18, 2007 discovery requests. On May 4, 2007, McGaughey stated that plaintiff's deposition would take place as scheduled on May 10, 2007. However, on May 8, 2007, McGaughey notified defendant that plaintiff had died on March 28, 2007. At a hearing on July 16,

2 - ORDER

2007, McGaughey stated that she notified defendant as soon as she learned of plaintiff's death. McGaughey stated that plaintiff had been homeless and difficult to reach by phone.

On May 10, 2007, defendant's counsel notified McGaughey that defendant intended to move to dismiss or for summary judgment. McGaughey said that she understood and mentioned that she was interested in settlement.

On July 3, 2007, defendant's counsel Sharon Bolesky attempted to telephone McGaughey to discuss settlement. McGaughey's phone message stated that her voice mailbox was full. Bolesky then sent McGaughey a letter offering to settle the case.

On July 5, 2007, McGaughey asked Bolesky to send the July 3, 2007 letter electronically. Bolesky's assistant sent the letter to the email address provided by McGaughey.

On July 6, 2007, Bolesky attempted to telephone McGaughey about defendant's intent to file a dispositive motion. Bolesky again received a message that McGaughey's voice mailbox was full.

On July 6, defendant filed its motion to dismiss for failure to prosecute. Plaintiff has not filed trial documents or a response to the motion to dismiss.

## II. Standards

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). This court should consider five factors when deciding whether to dismiss an action for failure to comply with a court order: "'(1) the public's interest in expeditious

3 - ORDER

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). The five factors are guidelines, not conditions precedent for dismissal. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (PPA) (citing Valley Eng'rs Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). The district court has discretion in ruling on motions to dismiss for failure to prosecute. Id.

### III. Discussion

Regarding the public interest in expeditious resolution, plaintiff filed this action in state court on June 20, 2006, so it is a little more than a year old. The case is not complex. This factor is neutral.

Regarding the court's need to manage its docket, plaintiff's counsel failed to meet discovery deadlines, failed to appear at the scheduling conference on April 17, 2007, and failed to submit trial documents. This factor weighs in favor of dismissal.

Regarding risk of prejudice, defendant argues that it has been prejudiced by plaintiff's failure to respond to defendant's requests for discovery. Plaintiff's counsel failed to make plaintiff available for deposition before his death. Defendant states that many employees at defendant's Central Point location

have moved and are now unavailable.

"'A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.'" PPA, 460 F.3d at 1227 (quoting Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failing to produce documents as ordered is considered sufficient prejudice. The law also presumes prejudice from unreasonable delay." Id. (citations omitted).

The prejudice factor strongly favors dismissal.

The public policy in favor of resolution on the merits does not favor dismissal, and sanctions short of dismissal are available. This court could require plaintiff to proceed immediately to trial. Because of counsel's failure to prepare, however, trial would be a futile exercise.

This court could postpone trial and allow defendant to move for summary judgment, which would likely succeed given plaintiff's failure to conduct discovery. Postponing trial would just delay the inevitable.

After considering the five factors, I conclude that dismissal is the appropriate sanction for plaintiff's failure to comply with this court's orders. The prejudice factor is decisive. See Valley Eng'g, 158 F.3d at 1057. As far as lack of warning goes, "plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order." Malone, 833 F.2d at 133. Dismissal is a harsh sanction, but the extraordinary circumstances here justify it.

5 - ORDER

See PPA, 460 F.3d at 1226.

## CONCLUSION

Defendant's motion to dismiss with prejudice for failure to prosecute (#53) is granted.  Plaintiff's proposed motion for extension of time (#69) is denied.  All other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 24th day of July, 2007.

*signature*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER